IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY J. ROSS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1339-G |
| | § | |
| JOHN BONNER | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Mary J. Ross, a resident of Hutchins, Texas, against John Bonner, a private citizen. On July 15, 2009, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories were also sent to plaintiff in order to obtain additional information about the factual basis of her suit. Plaintiff answered the interrogatories on September 17, 2009. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

As best the court can decipher her pleadings, plaintiff appears to allege that defendant violated her civil rights sometime in 2004 by making inquiries about her at work and providing information to the Hutchins Police Department in an effort to have plaintiff arrested. Plaintiff further alleges that defendant made slanderous statements about her medical condition. By this suit, plaintiff seeks $50,000 in damages and other relief.

A.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

B.

Plaintiff has failed to allege a cognizable claim arising under federal law. In her complaint and interrogatory answers, plaintiff attempts to assert a civil rights claim against defendant under 42 U.S.C. § 1983. However, only "state actors" may be sued for federal civil rights violations. Private citizens, like defendant, become "state actors" only when their conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hospital,* 180 F.3d 234, 241 (5th Cir. 1999). Plaintiff does not allege that defendant gathered information about her or slandered her at the direction of the police. To the contrary, plaintiff believes that defendant engaged in such conduct on his own in an effort to

have her arrested. (*See* Mag. J. Interrog. #5). That defendant may have provided information to the police does not make him a "state actor" for purposes of section 1983 liability. *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) (private citizen who provides information to police is not a "state actor"); *see also Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000) (citing cases holding that private citizen is not liable under section 1983 for reporting crimes to the police or urging the government to prosecute for criminal offenses).

Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that plaintiff and defendant are citizens of Texas. (*See* Mag. J. Interrog. #3). Thus, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

---

[1] Even if the court had subject matter jurisdiction to hear this case, it is likely barred by limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (federal civil rights action under section 1983 governed by two-year statute of limitations); TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (establishing one-year statute of limitations for slander).

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

   DATED:  September 22, 2009.

         JEFF KAPLAN
         UNITED STATES MAGISTRATE JUDGE